## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

IONUT COSTACHE,
      Petitioner,

v.                                                                    Civil Action No. **3:26CV103 (RCY)**

JEFF CRAWFORD, *et al.*,
      Respondents.

### MEMORANDUM OPINION

Ionut Costache ("Petitioner"), a federal detainee with counsel, is a Romanian national present in the United States without admission. He has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition" or "Petition," ECF No. 1), challenging the lawfulness of his detention by the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE"). Petitioner alleges that Respondents' application of 8 U.S.C. § 1225(b)(2) to mandate his detention without the opportunity for bond violates the Immigration and Nationality Act. Pet. at 7–8.[1] For the reasons set forth below, the § 2241 Petition is GRANTED. Respondents are ORDERED to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

### I. BACKGROUND

Petitioner is a self-described "noncitizen charged with having entered the United States without inspection." Pet. 1. Petitioner has resided in the United States since January of 2021. *Id.* at 2. Petitioner was "detained by ICE on November 23, 2025, and placed into detention pending his removal proceedings pursuant to a Notice to Appear (NTA)." *Id.* at 4. Petitioner was denied bond on January 14, 2026, when the Immigration Judge issued an order stating that he did not have jurisdiction to grant bond, citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.*

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

On February 9, 2026, Petitioner filed his § 2241 Petition in this Court.  ECF No. 1.  On March 13, 2026, Respondents filed their Opposition to the Petition.  ECF No. 4.  Petitioner filed a Reply on March 26, 2026.  ECF No. 5.

On June 18, 2026, Petitioner filed a Motion to Expedite Consideration and Prompt Disposition of Petition, ECF No. 8, highlighting the fact that he has remained in ICE custody, to the detriment of his liberty interests and his family.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  *Id.*  "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States."  *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

## III.    ANALYSIS

The dispositive question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).[2]

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing.  In opposition, Respondents argue that Petitioner is "defined by law as an applicant for admission," and therefore is subject to the mandatory detention provisions of 8 U.S.C. § 1225(a).  Opp'n 1, ECF No. 4. Respondents acknowledge, however, that this Court and others have already considered and rejected all of Respondents' legal arguments asserted in support of their position, and that

---

[2] Because the Court is able to decide this case on the basis of the INA, it need not and does not reach Petitioner's blanket Fifth Amendment Due Process argument for immediate release.

2

Respondents merely restate the arguments for preservation on appeal. *Id.* at 2 (citing *Alvarez Munoz v Simon*, Civil Action No. 3:25CV897, ECF No. 22 (E.D. Va. Dec. 22, 2025) (Young, J.); *Ortega Miranda v. Bondi*, 3:25cv769, ECF Nos. 19-20 (E.D. Va. Feb. 3, 2026) (Novak, J.); *Romero v. Crawford*, Civil Action No. 3:25cv788, ECF Nos. 12-13 (E.D. Va. Jan. 13, 2026) (Hudson, J.); *Duarte Escobar v. Perry*, Civil Action No. 3:25CV758, ECF Nos. 21, 22 (E.D. Va. Oct. 27, 2025) (Lauck, J.)).

In light of Respondents' and Plaintiffs' recognition of the duplicative nature of the purely legal arguments presented here relative to those previously decided by this very Court, *see id.*; Reply 2, ECF No. 5, this Court maintains and incorporates the reasoning of *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179 (E.D. Va. Feb. 3, 2026), into this Memorandum Opinion. That same reasoning has been applied in several cases before courts in this district,[3] and by this very Court as well, and the Court finds no cause to depart from that path now.

Petitioner has been present in the United States for several years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing

---

[3] *See e.g., Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Duarte Escobar v. Perry*, 2025 WL 3006742 (E.D. Va. Oct. 27, 2025); *Perez-Gomez v. Warden*, 2025 WL 3141103 (E.D. Va. Nov. 11, 2025) (rejecting the same arguments made in *Ortega Miranda*); *Contreras-Perez v. Noem*, 2025 WL 3281774 (E.D. Va. Nov. 25, 2025) (same); *Quispe-Ardiles v. Noem*, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Vargas Nunez v. Lyons*, l:25-cv-1574 (LMB) (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, l:25-cv-1583 (LMB) (E.D. Va. Oct. 1, 2025); *Gomez Alonzo v. Simons*, 1:25-cvl587 (LMB) (E.D. Va. Oct. 1, 2025); *Perez Bibiano v. Lyons*, l:25-cv-1590 (LMB) (E.D. Va. Oct. 2, 2025); *Ortiz Ventura v. Noem*, 1:25-cv-1429 (MSN) (E.D. Va. Oct. 2, 2025); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511 (MSN) (E.D. Va. Oct. 3, 2025); *Singh v. Bondi*, No. 1:25-cv-l 525 (MSN) (E.D. Va. Oct. 7, 2025); *Guerra Leon v. Noem*, l:25-cv-1634 (LMB) (E.D. Va. Oct. 8, 2025); *Maldonado Merlos v. Noem*, l:25-cv-1645 (LMB) (E.D. Va. Oct. 9, 2025); *Alfaro v. Lyons*, l:25-cvl569 (AJT) (E.D. Va. Oct. 11, 2025); *Singh v. Lyons*, 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); *Teyim v. Perry*, 2025 WL 2950183 (E.D. Va. Oct. 15, 2025); *Hernandez v. Crawford*, 2025 WL 2940702 (AJT) (E.D. Va. Oct. 16, 2025); *Pineda v. Simon*, 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); *Lapop v. Noem*, 2025 WL 2997507 (E.D. Va. Oct. 24, 2025); *Ramirez Gomez v. Trump*, No. 1:25-cv-1443 (MSN) (E.D. Va. Oct. 27, 2025); *Boquin Oliva v. Noem*, No. 1:25-cv-1592 (RDA) (E.D. Va. Oct. 29, 2025); *Aguilar Lares v. Bondi*, No. 1:25-cv-1562 (LMB) (E.D. Va. Oct. 29, 2025); *Esquina Flores v. Crawford*, No. 1:25-cv-1564 (PTG) (E.D. Va. Nov. 11, 2025); *Palacios Zepeda v. Crawford*, No. 1:25-cv-1561 (PTG) (E.D. Va. Nov. 21, 2025); *Campos-Flores v. Bondi*, 2025 WL 3461551 (E.D. Va. Dec. 2, 2025); *Hugo Romero v. Crawford*, 2026 WL 94634 (E.D. Va. Jan. 13, 2026).

before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

The Court is aware that a Fifth Circuit panel reached a contrary ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026), as did an Eighth Circuit panel in *Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026). However, a Second Circuit panel has recently concluded that § 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry. *Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). From among these decisions, the Court finds the Second Circuit analysis and the dissents from the Fifth and Eighth Circuits to be the more persuasive of the set. Regardless, none of this precedent is binding on this Court, and so, in the absence of guidance from the Supreme Court or the Fourth Circuit Court of Appeals, the Court comfortably adopts and applies the analysis from *Ortega Miranda* to the facts of the present case. And so doing, the Court concludes that Petitioner is being detained in violation of the laws of the United States.

## IV.   CONCLUSION

For the above reasons, and as more fulsomely articulated in *Ortega Miranda*, 2026 WL 287179, the § 2241 Petition (ECF No. 1) will be GRANTED. An appropriate Order will issue.

_____ /s/ *RCY*
Roderick C. Young
United States District Judge

Date: July 16, 2026
Richmond, Virginia